# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:23-cr-00077-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **PAUL ANTHONY VALDEZ, JR.,** ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 18] and the Magistrate Judge's Memorandum and Recommendation [Doc. 33] regarding the disposition of that motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Suppress.

On June 25, 2024, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Suppress [Doc. 18] be denied. [Doc. 33]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

After requesting an extension, the Defendant timely filed Objections on July 17, 2024. [Doc. 36]. In his Objections, the Defendant argues that the Magistrate Judge incorrectly applied the good faith exception and applied the wrong legal standard for an automobile search. [Id.].

The Defendant argues that the Magistrate Judge should not have applied the good faith exception to the Defendant's initial arrest because it was not reasonable for the arresting officers to rely on the National Crime Information Center ("NCIC") database in arresting him. [Doc. 36 at 8]. While Judge Metcalf noted that the arrest of the Defendant was "troubling" given the fact that the Defendant had already been arrested and received bond on the apparently outstanding warrant, for purposes of resolving this motion, he correctly emphasized that the operative issue is whether the officers' reliance on the information in NCIC was objectively reasonable. [Doc. 33 at 9-10]; Arizona v. Evans, 514 U.S. 1, 15-16 (1995).

In his Objections, the Defendant points to the fact that he was arrested based on the NCIC information *before* that information was confirmed with the issuing state agency. [Doc. 36]. However, this fact does not change the Magistrate Judge's ultimate conclusion, because the officers subsequently confirmed the existence of an active warrant. [Doc. 37 at 29-36]. Even though that confirmation ended up being incorrect, "[w]hether the call for

2
Case 1:23-cr-00077-MR-WCM   Document 38   Filed 08/06/24   Page 2 of 6

confirmation was made before or after Defendants' arrest, it would have shown that the arrest warrant[] w[as] in existence." United States v. Green, No. 1:17 CR 9, 2017 WL 6757646, at *12 (W.D.N.C. Dec. 1, 2017), report and recommendation adopted, No. 117CR00009MRDLH1, 2017 WL 6734225 (W.D.N.C. Dec. 29, 2017). Therefore, at that point, approximately twenty minutes after the traffic stop was initiated, the officers, acting under good faith reliance on the confirmation of the warrant, had legal authority to arrest the Defendant.

Although the undersigned agrees that the inaccuracy in the NCIC database is troubling, that does not affect the good faith analysis as to the arresting officers. The officers acted objectively reasonably in relying on the NCIC entry and the subsequent confirmation from the state agency. See Evans, 514 U.S. at 15-16. Any inaccuracy in the database or failure to record the Defendant's prior arrest on the same warrant cannot be imputed to the officers, and instead reflects a clerical error of court employees, which is a recognized exception to the exclusionary rule. Id. ("If it were indeed a court clerk who was responsible for the erroneous entry on the police computer, application of the exclusionary rule also could not be expected to alter the behavior of the arresting officer."). Therefore, the Court concludes that the

Magistrate Judge was correct in determining that the Defendant's arrest poses no Fourth Amendment issue.

The Defendant also argues that the Magistrate Judge applied the wrong standard in finding that the arresting officers had authority to search the automobile. The Defendant is correct in that, per the automobile exception to the warrant requirement, the officers needed probable cause that the vehicle was transporting contraband in order to search the vehicle without a warrant. United States v. Ross, 456 U.S. 798, 823 (1982). "[T]his exception permits police officers to search a vehicle for evidence of any crime, not just the crime of arrest, but *only* on a showing of probable cause rather than a mere reasonable belief." United States v. Baker, 719 F.3d 313, 319 (4th Cir. 2013) (emphasis in original). Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996).

Here, the Defendant argues there was only evidence of an infraction, not a crime,[1] and therefore the officers did not have probable cause to search the vehicle. Probable cause, however, does not require direct evidence of a

---

[1] Under North Carolina law, having an open alcoholic beverage in the passenger area of a car is only an infraction, while driving under the influence of alcohol is a misdemeanor crime. N.C. Gen. Stat. §§ 20-138.7, 20-138.1.

crime, but rather only requires "a 'fair probability,' or a 'substantial chance,' of *discovering* evidence of criminal activity." Safford Unified Sch. Dist. No. 1 v. Redding, 557 U.S. 364, 371 (2009) (quoting Illinois v. Gates, 462 U.S. 213, 238, 244 n.13 (1983)) (emphasis added).

While the arresting officers did not suspect the driver of the vehicle to be committing the crime of driving while intoxicated, there were other indications of potential criminal activity in addition to the open containers in the car. One of the arresting officers testified that in the moments leading up to the arrest, the Defendant was going in and out of hotel rooms where officers suspected narcotics activity was taking place, and the officers entered said hotel room with a warrant shortly after the Defendant left. [Doc. 37 at 24, 41]. And, as discussed, the officers reasonably believed that the Defendant had an outstanding warrant for a narcotics-related offense. These circumstances are sufficient for a reasonable officer to believe that evidence of criminal activity would be present inside the vehicle. Therefore, the undersigned agrees with the Magistrate Judge that the officers' search of the vehicle was proper.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Defendant's objections thereto, the Court finds that the proposed findings of fact are correct and that the proposed

conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's objections and accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 36] are **OVERRULED,** and the Memorandum and Recommendation [Doc. 33] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress [Doc. 18] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 6, 2024

Martin Reidinger
Chief United States District Judge